1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MARCUS HARRISON,                        Case No. 1:17-cv-01120-LJO-BAM (PC)

12                  Plaintiff,               ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS REGARDING
13          v.                               DISMISSAL OF ACTION FOR FAILURE TO
                                             STATE A CLAIM
14   NIEHUS, et al.,
                                             (ECF No. 13)
15                  Defendants.

16

17          Plaintiff Marcus Harrison is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On September 9, 2019, the assigned Magistrate Judge issued findings and

21   recommendations recommending dismissal of this action, with prejudice, for failure to state a

22   cognizable claim upon which relief may be granted.  (ECF No. 13.)  The findings and

23   recommendations were served on Plaintiff and contained notice that any objections thereto were

24   to be filed within fourteen (14) days after service.  (Id. at 12.)  Plaintiff timely filed written

25   objections to the findings and recommendations on September 23, 2019.  (ECF No. 14.)

26          First, Plaintiff argues that he has stated a cognizable claim for a violation of his

27   constitutional right of access to the courts because he has sufficiently alleged that the confiscation

28   of his "legal exhibits" caused Plaintiff to suffer an "actual injury," i.e., the loss of two

                                                  1

nonfrivolous § 1983 cases. However, after reviewing the allegations of Plaintiff's second amended complaint, the Court agrees with the Magistrate Judge's finding that Plaintiff has failed to sufficiently allege facts demonstrating that the confiscation of his "legal exhibits" caused the loss of Plaintiff's two underlying nonfrivolous § 1983 actions. Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff argues that he has state a cognizable claim for a violation of his First Amendment right of free speech, expression, and association because he has sufficiently alleged that his confiscated "legal exhibits" did not threaten the legitimate penological interests of prison security. However, the Magistrate Judge found that Plaintiff had adequately alleged the lack of a legitimate penological interest. Instead, the Magistrate Judge found that Plaintiff had failed to state a cognizable First Amendment claim because Plaintiff had not pled facts demonstrating that the challenged regulations were not rationally related to a legitimate and neutral government objective, that Plaintiff has no alternative avenues to exercise his First Amendment right, and that there are easy and obvious alternatives that indicate that the regulations are an exaggerated response by prison officials. (ECF No. 13, at 9.) After reviewing the allegations of Plaintiff's second amended complaint, the Court agrees with the Magistrate Judge's finding that Plaintiff has failed to state a cognizable claim a violation of his First Amendment right of free speech, expression, and association. Therefore, Plaintiff's second objection is overruled.

Third, Plaintiff objects to his case being reviewed by a Magistrate Judge because he specifically declined to have this case reviewed by a Magistrate Judge on September 1, 2017.

This matter was referred to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters in the case, including dispositive matters and trial. If a party declines Magistrate Judge jurisdiction, as Plaintiff did in this case, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of the case to a Magistrate Judge for non-dispositive matters, including screening orders, and for the issuance of findings and recommendations on dispositive motions.

28 U.S.C. § 636(b)(1); Local Rule 302.  Therefore, Plaintiff's third objection is without merit and it is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on September 9, 2019, (ECF No. 13), are adopted in full;

2. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 20, 2019**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES CHIEF DISTRICT JUDGE