# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HARRISON,<br><br>   Plaintiff,<br><br> v.<br><br>S. NIEHUS, et al.,<br><br>   Defendants. | Case No. 1:17-cv-01120-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER AND/OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)<br><br>(ECF No. 17) |

Plaintiff Marcus Harrison is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 9, 2019, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 13.) Plaintiff timely filed written objections on September 23, 2019. (ECF No. 14.) On November 20, 2019, the undersigned adopted the September 9, 2019 findings and recommendations in full and dismissed this action, with prejudice, for failure to state a claim upon which relief may be granted. (ECF No. 15.)

Currently before this Court is Plaintiff's motion to alter and/or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), filed on December 12, 2019. (ECF No. 17.)

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d

1

877, 890 (9th Cir. 2000) (citation omitted.) A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (emphasis in original) (citation omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. <u>Kona</u>, 229 F.3d at 890 (emphasis in original). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration pursuant to Rule 59(e), the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

Initially, a Rule 59(e) motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In this case, judgment was entered on November 21, 2019 and Plaintiff's Rule 59(e) motion was filed on December 12, 2019. (ECF No. 16, 17.) Therefore, Plaintiff's motion is timely.

Further, in this motion, Plaintiff contends that the judgment rendered in this case should be altered or amended for three reasons. First, Plaintiff argues that this Court mistakenly determined that Plaintiff had failed to state a cognizable claim for denial of access to the courts because the Court found that Plaintiff had sufficiently pled that he had suffered an actual injury at page 1, lines 26-28, through page 2, line 1 of its November 20, 2019 order. However, page 1, lines 26-28 through page 2, line 1 of the Court's November 20, 2019 order is a statement of what Plaintiff was arguing in his objections, not the Court's own determination. In fact, this Court determined that Plaintiff failed to sufficiently plead that he suffered any actual injury to his right to access the courts. Therefore, Plaintiff has not demonstrated that the Court's determination that Plaintiff had failed to state a cognizable claim for denial of access to the courts was a mistake.

Second, Plaintiff argues that this Court made a mistake when it determined that Plaintiff had failed to allege a cognizable First Amendment free speech, expression, and association claim because the Court incorrectly assumed that Plaintiff was challenging prison regulations. Third, Plaintiff argues that this Court erred when it improperly determined that Plaintiff had failed to

2

allege cognizable claims for denial of access to the courts and for violation of Plaintiff's First Amendment right of free speech, expression, and association because Plaintiff's second amended complaint did not contain specific facts and/or legal theories. However, Plaintiff is raising his second and third arguments for the first time in this litigation. Since Plaintiff could have reasonably raised these arguments earlier in the litigation, the Court declines to consider these newly raised arguments.

Therefore, Plaintiff has failed to present any newly discovered evidence, point to any intervening change in the controlling law, or establish that the undersigned committed clear error. Consequently, Plaintiff's motion to alter and/or amend the judgment pursuant to Rule 59(e), (ECF No. 17), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: **December 20, 2019**      **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES CHIEF DISTRICT JUDGE